## Foreman v. Ball.

(Decided February 10, 1925.)

### Appeal from Harlan Circuit Court.

1. Brokers—Buyer's Obligation to Pay Commission Held Implied Without Allegations of Express Promise.—Where defendant employed plaintiff to find piece of business property, and plaintiff found property and told defendant price was net and that he must pay commission, and defendant purchased the property, law implied promise to pay commission and therefore it was unnecessary to allege or prove express promise.

2. Brokers—Instruction on Measure of Recovery of Commission Held Proper.—Instruction in action for commission to find such sum as jury believed would reasonably compensate plaintiff for services as real estate agent, but not exceeding 5 per cent., is not erroneous where only evidence on question was that 5 per cent. was usual and customary commission.

HALL, JONES & LEE for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

C. E. Ball brought this suit against B. Foreman to recover a real estate commission of $1,750.00. From a judgment in favor of plaintiff for the amount sued for defendant has appealed.

The facts alleged in the petition and supported by the evidence are substantially these: Ball was a real estate agent in the city of Harlan. In the month of June, 1921, Foreman employed Ball to assist in locating and purchasing a piece of business property in Harlan. Pursuant to that employment Ball called on the Harlan State Bank, which owned two business houses in Harlan. The officers of the bank informed him that they would sell the property at the price of $35,000.00 net. He returned and

informed Foreman that the price was net and that Foreman would have to pay the commission. He then took Foreman through the property and Foreman agreed to purchase it under that arrangement and the sale was consummated.

It is first insisted that the petition was demurrable and the instruction erroneous in that the former did not allege, and the latter did not require the jury to believe, that Foreman agreed to pay the commission. In view of the facts alleged and proved, we are not inclined to the view that either the petition or the instruction was defective for the reason claimed. If, as a matter of fact, Foreman employed Ball to find him a piece of property, and pursuant to that employment he found the property in question and reported to Foreman that the price was net and that Foreman would have to pay the commission, and Foreman with full knowledge of these facts purchased the property, the law will imply an obligation to pay the commission.

For the same reason Foreman was not entitled to a peremptory instruction on the ground that Ball failed to prove an express agreement on the part of Foreman to pay the commission, nor did the court err in refusing to submit the question of agreement to the jury.

In case the jury found for plaintiff they were told to award him "such a sum in money as they believed from the evidence will reasonably and fairly compensate him for his services as a real estate agent, but not exceeding five per cent on the purchase price of said property amounting to $1,750.00." The argument is, that the court should have fixed the measure of recovery at such sum as the jury believed from the evidence was the usual and customary commission charged for similar services in that vicinity, in case there was an established custom respecting the compensation of real estate brokers, or, in the absence of such custom, at such a sum as would be a fair and reasonable compensation for the services actually rendered. The only evidence on the question was that 5% of the purchase price was the usual and customary commission paid to real estate brokers for making sales, or purchases, of real estate, in the city of Harlan. Under this evidence the court might well have fixed the measure of recovery at $1,750.00, and, that being true, appellant was not prejudiced by an instruction which authorized the jury to find a less sum that would fairly and

reasonably compensate the appellee for his services. Other errors are relied on, but we do not deem them of sufficient importance to require a reversal.

Judgment affirmed.